HARDY, Judge.
This action was instituted by the individual members of plaintiff partnership for the recovery of expenditures for repairs to leased premises allegedly chargeable against defendants-lessors. A reconven-tional demand was asserted by defendants. From judgment rejecting both the claims of plaintiffs and the reconventional demands of defendants, the plaintiffs prosecuted this appeal.
Inasmuch as defendants failed to appeal from the judgment rejecting their recon-ventional demands, or to answer the appeal of plaintiffs, their claims on this account are no longer at issue.
Under a written agreement dated November 30, 1957, plaintiffs leased certain described property from the defendants for the purpose of conducting a coin operated washateria business. The gist of plaintiffs’ claim lies in the contention that defendants agreed to install a sheet rock ceiling in the rented premises in order to comply with ordinances and regulations of the City of Shreveport; that despite repeated demands upon defendants to perform the necessary work they failed and neglected to do so, and, as a consequence, plaintiffs caused the work to be performed at an expenditure of $306.52, which they seek to recover from lessors in this action.
We think plaintiffs have not only failed to establish the agreements upon which they predicate their right to recovery, but, on the contrary, the existence of such agreements has been completely negated, not only by the conditions of the lease agreement itself, but by the testimony of representatives of both the lessors and lessees who conducted the preliminary negotiations which were consummated by the-execution of the lease.
The agreement of lease specifically provided that lessor should maintain and lceep-in repair the roof, exterior walls, foundation and framework of the leased premises,, and that all other maintenance and repair should be assumed by lessee. The testimony of Mr. Raymond Blandino, representing the defendants-lessors, was positive-on the point that the lessors would not be-liable for any expenditures with respect to-the interior of the building.. Equally definite is the testimony of Mr. Joe Murov,. who represented the lessees in connection-with the negotiations of the lease, that it was agreed the lessees should make the-repairs necessary to begin operation of their business.
Under the above factual circumstances, which are conclusively established by the record, we think it unnecessary to enter into superfluous discussion of the law and! jurisprudence with reference to responsibility for repairs to leased property.
For the reasons assigned the judgment appealed from is affirmed at appellant’s, cost.